UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-142(2)
(DSD/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR** |
| CHRISTOPHER JAMES RAJKARAN, | ) | **RECONSIDERIDATION OF** |
| | ) | **DETENTION** |
| Defendant. | ) | |

This matter came before the Court on September 17, 2021 on Defendant Christopher James Rajkaran's motion for reconsideration of detention (Doc. 47). Defendant appeared in custody and was represented by attorney Bruce Rivers. The United States of America ("the Government") was represented by Assistant United States Attorney Miranda E. Dugi. Defendant agreed to waive his right to appear in person, and proceeded via videoconference due to COVID-19.

Defendant was charged by indictment in the District of Minnesota with conspiracy to commit securities fraud (18 U.S.C. § 371, 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5), securities fraud and aiding and abetting the same (15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, 18 U.S.C. § 2), and wire fraud (18 U.S.C. § 1343). Defendant was arrested, made his initial appearance, and contested the Government's motion for detention in the Eastern District of New York on June 18, 2021. He was ordered detained and removed to the District of Minnesota that same day, based on his risk of nonappearance. Since that time, Defendant has challenged his detention twice more—once

in the Eastern District of New York before a second magistrate judge, who denied Defendant's challenge, and again in the instant motion in this District.

Defendant's written motion challenged his detention under 18 U.S.C. § 3145(b), which "applies to a district judge's review of a magistrate judge's detention order." *United States v. Netherton*, No. 19CR2581SRNECW, 2021 WL 423919, at *3 (D. Minn. Feb. 8, 2021); *see* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly."); *see also United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc) (discussing § 3145(b) and explaining "[w]hen the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release"); *United States v. Agriprocessors, Inc.*, No. 08-CR-1324-LRR, 2009 WL 290473, at *4 (N.D. Iowa Jan. 28, 2009) ("Title 18, United States Code, Section 3145(b) governs a motion for revocation of a magistrate judge's detention order.").  At the hearing, counsel for Defendant agreed that his motion was more properly understood as an effort to reopen the hearing under 18 U.S.C. § 3143(f)(2), which provides, in pertinent part: "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." Accordingly, the Court proceeded under §3142(f)(2) without objection from the United States.  For the reasons that follow, the Court finds that Defendant's motion should be

2

denied and Defendant should remain detained under §3142(f)(2).  Alternatively, even if the Court were to apply the more permissive *de novo* standard initially sought in Defendant's written motion, its conclusion would remain the same.

The Court had before it two reports prepared by the United States Probation and Pretrial Services Offices in the Eastern District of New York, where Defendant was arrested and originally detained, and the District of Minnesota.  The Pretrial Services reports recommended that Defendant be detained pending trial based on the risk he posed of nonappearance.  The Court also had before it the detention and removal orders from the Eastern District of New York, and the indictment in this case.  Additionally, the Court reviewed the written filings of the parties (Docs. 47 and 48), and heard oral argument at the hearing, including from Defendant himself.  Defendant argued that he identified three new grounds for release not initially identified in the detention proceedings in the Eastern District of New York: the presence of new COVID-19 cases in the Sherburne County Jail, where Defendant is currently detained; the declining health of his grandmother; and his wife's financial difficulties.

Based upon the information contained in the indictment, the Pretrial Services reports, proffered written information and oral argument from counsel, and Defendant, the Court finds that Defendant has not identified information not previously known to him at the time of the detention hearing that has a material bearing on the appropriateness of his release.  Additionally, the Court has ample basis to make an independent finding by a preponderance of the evidence that Defendant poses a risk of nonappearance, and that no condition or combination of conditions of release would reasonably assure Defendant's

3

appearance as required at future court proceedings. The Court therefore denies Defendant's motion.

## FINDINGS OF FACT

1.      Defendant has strong, recent ties to Guyana, where his wife and young child reside. According to information provided in the Pretrial Services reports and the Government's proffer, Defendant lied to Pretrial Services regarding his scheduled return flight from New York to Guyana. Proffered information from the Government regarding a recorded conversation from Winter 2021 reflects that Defendant resided in Guyana and returned to New York temporarily to visit family and address outstanding financial matters. Defendant's lack of candor regarding his travel plans to Guyana and his strong ties to Guyana underscore the serious risk of nonappearance and weigh heavily in favor of detention.

2.      The indictment alleges that Defendant participated in a conspiracy to hijack dormant public companies and manipulate stock prices for his and his coconspirators' enrichment between at least 2017 and 2019. According to the U.S. Probation and Pretrial Services report, Defendant was on probation for a criminal conviction until March 2018, meaning that he was under court supervision while engaged in the instant offense. This history weighs in favor of detention.

3.      Although much of Defendant's criminal history is dated, the numerous bench warrants issued in connection with his prior convictions remain an important factor weighing in favor of detention despite their age.

4

4.      The Court is familiar with the current challenges posed by COVID-19 in Sherburne County Jail and mitigation efforts the facility is making to address them.  The Court takes the risks of infection in a congregate setting seriously, but based on the record before the Court, nothing about the present circumstances constitutes a material change in circumstances that would weigh in favor of Defendant's release.  *See United States v. Hall*, No. CR1910302MJDECW, 2020 WL 2992400, at *3 (D. Minn. June 4, 2020).

5.      Defendant's grandmother's illness and his wife's present financial difficulties do not bear materially on Defendant's risk of nonappearance.  If anything, his wife's difficulties might weigh against release, as they contribute to the natural impulse he might have to return to his spouse—i.e., to Guyana.  At most, the Court considers both of these factors as being neutral, and therefore do not weigh in favor of granting Defendant's motion.

## CONCLUSIONS OF LAW

Based on the foregoing findings, the Court concludes:

1.      For all these reasons, the Court finds that there is no information previously unknown to the movant that materially bears on the issue of Defendant's pretrial detention.

2.      The Court also finds that even if Defendant had identified information that materially bears on Defendant's risk of flight, even considering the three new grounds identified by Defendant, the Government has still shown by a preponderance of the evidence that there are no conditions or combinations of conditions that can reasonably assure Defendant's appearance at future proceedings.

3.      Even considering Defendant's challenge under a more permissive *de novo* standard, a preponderance of the evidence exists to show that Defendant poses a serious risk of nonappearance, and that the Court would be unable to craft sufficient conditions to reasonably assure his appearance at future proceedings.

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion for reconsideration of detention is **DENIED**.


Date:  September 19, 2021           *s/Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    UNITED STATES MAGISTRATE JUDGE

6